IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN MURRAY, ) | No. C 07-4324 MJJ (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| ) | |
| v. ) | |
| ) | |
| MICHAEL HENNESSEY, et al, ) | (Docket No. 2) |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, an inmate at the San Francisco County Jail, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. He has applied for leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

G:\PRO-SE\MJJ\CR.07\murray.exh.wpd

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement under § 1997e(a) is mandatory and not merely directory. <u>Porter v. Nussle</u>, 122 S. Ct. 983, 988 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Id.</u> (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. <u>Id.</u>; <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter</u>, 122 S. Ct. at 992.

An action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he or she filed suit, even if the prisoner fully exhausts while the suit is pending. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002); <u>see</u> <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir.), <u>cert. denied</u>, 124 S. Ct 50 (2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." <u>Id.</u> at 1120. Here, plaintiff states in his complaint that he has filed some administrative grievances, and that the "last appeal process [is] still ongoing." <u>See</u> Complaint at 4. As explained above, § 1997e(a) requires that plaintiff complete all of his administrative appeals prior to raising his claims in a § 1983 complaint in federal court. <u>See</u> <u>McKinney</u>, 311 F.3d at 1199. As it is clear from the face of the complaint that plaintiff had an administrative appeal pending when he filed the instant action, and had not completed all levels of administrative grievances available to him, dismissal without prejudice is appropriate.

Accordingly, the above-titled action is hereby DISMISSED without prejudice to refiling after

G:\PRO-SE\MJJ\CR.07\murray.exh.wpd        2

1 | all available administrative remedies have been completed.

2 |     Leave to proceed in forma pauperis is DENIED.

3 |     This order terminates Docket No. 2 and any other pending motions.

4 |     The Clerk shall close the file.

5 |     IT IS SO ORDERED.

6 | DATED:    09/28/07

7 |                                 MARTIN J. JENKINS
                                United States District Judge

**United States District Court**
For the Northern District of California

G:\PRO-SE\MJJ\CR.07\murray.exh.wpd      3